UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ANTONIO SOLORZANO PALMA,

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

No. 1:26-cv-02901-DJC-SCR

ORDER

A# 209-961-526

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). The Court ordered Respondents to file a Return pursuant to 28 U.S.C. § 2243. (ECF No. 4.) Respondents have filed an Opposition (Opp'n (ECF No. 6)), and Petitioner has filed a Reply (Reply (ECF No. 7)).

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-

1

JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025). For the reasons stated in those cases, Petitioner has established that his present detention violates his due process rights. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2.[1]

2. Respondents are ORDERED to immediately release Petitioner Jose Antonio Solorzano Palma from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

3.  The Clerk of the Court is directed to serve Golden State Annex with a copy of this Order.

4.  The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 21, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE